## DE LANEY v. STATE. (No. 9292.)

(Court of Criminal Appeals of Texas. May 27, 1925. Rehearing Denied Nov. 11, 1925.)

Criminal law ⚭1192—Sentence may be pronounced after dismissal of appeal for failure to pronounce sentence, under statute authorizing judgment nunc pro tunc.

Where defendant's appeal from conviction was dismissed for failure of trial court to pronounce sentence, the trial court may later pronounce sentence in accordance with verdict and judgment under Code Cr. Proc. 1911, art. 859, authorizing entry of judgment nunc pro tunc.

Commissioners' Decision.

Appeal from Criminal District Court, Dallas County; Felix D. Robertson, Judge.

Will De Laney was convicted for manufacturing intoxicating liquor, and he appealed. Appeal dismissed (263 S. W. 1065), and on second appeal conviction affirmed.

P. C. Short, of Dallas, for appellant.
Shelby Cox, Cr. Dist. Atty., and Wm. McCraw, Asst. Dist. Atty., both of Dallas, and Tom Garrard, State's Atty., and Grover C. Morris, Asst. State's Atty., both of Austin, for the State.

BAKER, J. Appellant was tried and convicted in the criminal district court of Dallas county for manufacturing intoxicating liquor, and his punishment assessed at confinement in the penitentiary for a term of three years.

This case was by this court dismissed on October 11, 1924, on account of the failure of the trial judge to sentence the defendant herein, and it is now before this court on second appeal.

It appears from the record that the appellant is contesting the right of the trial judge to enter sentence nunc pro tunc. Article 859, C. C. P., authorizes the entering of judgments nunc pro tunc, and this court has repeatedly held that such actions are proper in such cases. Madison v. State, 17 Tex. App. 479; Meadors v. State (Tex. Cr. App.) 275 S. W. 829, rendered May 20, 1925, not yet [officially] reported.

The record fails to disclose any error committed by the trial court, and we are of the opinion that the judgment should be and is hereby in all things affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### On Motion for Rehearing.

HAWKINS, J. This case was before the court at the last term and an opinion delivered on June 4th, which correctly disposed of all the questions raised by appellant, and the judgment was affirmed.

Later it was called to the attention of the court upon motion for rehearing that no sentence had ever been passed upon appellant, for which reason the motion for rehearing was granted and the appeal ordered dismissed. After this the trial court upon proper motion pronounced sentence in accordance with the verdict and judgment. Appellant is again here upon the same record complaining only that the court was without authority to pass sentence upon appellant and enter it upon the minutes at the time and in the manner shown by the record.

The original opinion properly disposed of the question. Believing appellant's motion for rehearing not to be meritorious, the same is overruled.